```
                                              FILED
                                        U.S. DISTRICT COURT
        IN THE UNITED STATES DISTRICT COURT DISTRICT OF MARYLAND
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                               *            2005 APR 27 A 11: 54
JULIE CONRAD
                                              K'S OFFICE
    Plaintiff,                                 BALTIMORE

                                    CIVIL NO.: WDQ-04-1191  DEPUTY

.HOLAS HANTZES, ESQ.,

    Defendant.
```

MEMORANDUM OPINION AND ORDER

In this diversity suit, Julie Conrad has sued Nicholas Hantzes, Esquire for false imprisonment and battery. Pending are Hantzes's unopposed motions to dismiss and for summary judgment. For the reasons discussed below, Hantzes's motion for summary judgment will be granted, and his motion to dismiss will be denied as moot

BACKGROUND

In May 2002, Frank and Ellen Ballinger (collectively, "the Ballingers" filed suit in the Circuit Court for Anne Arundel County, Maryland "the Circuit Court" against Julie Conrad "Conrad" and her husband, Keith Conrad (collectively, "the Conrads") Compl. ¶ 8. The Ballingers alleged, *inter alia*, that the Conrads had defamed them and presented them in a false light. *Id*

The Conrads' insurer authorized them to retain an attorney of their choice at the insurer's expense. *Id.* ¶ 9. Shortly

1

thereafter, the insurer filed a declaratory judgment suit seeking a declaration that it was not required to cover the cost of defending the Conrads on the intentional tort claims pending against them  *Id.*  The Circuit Court held a hearing on September 29, 2003 to address this and other pending matters.  *Id.* at 11.

The hearing began shortly before 3:00 p.m.  *Id.* ¶ 13   At around 3:30 p.m., the Honorable Ronald A. Silkworth, the presiding  udge, informed the parties that he had to take a conference call at 3:30 p.m, so he would temporarily adjourn the proceedings and address the remaining issues after the call.  *Id.* ¶ 14.  The Conrads had no interest in the matters that remained to be heard that day, and asked their attorney if they could leave   *Id*  ¶ 15   The Conrads' attorney advised them that they could.  *Id.*

Conrad stopped to speak to Hantzes, the Ballingers' attorney, as she was walking out of the courtroom.  Goodman Dep. at 29   Hantzes asked Michele Goodman, a Deputy Sheriff assigned to the courtroom, to instruct Conrad that she needed to communicate with him through her attorney   *Id*   Goodman attempted t  speak to Conrad, but she left the courtroom before Goodman could reach her.  *Id.* at 31.  Moments later, the courtroom clerk told Goodman that Judge Silkworth had asked that Conrad remain in the courtroom until the hearing was over   *Id.* at

Goodman followed Conrad into the hall outside the courtroom, touched Conrad's elbow to get her attention, and told her that she had been informed that Conrad had been ordered not to leave, so it would be in her best interest to remain in the courtroom until she could determine whether she was free to go. *Id.* at 37; Conrad Dep. at 169, 94  Conrad replied that the judge was off the bench and that she had not been ordered to stay for the remainder of he hearing. Conrad Dep. at 194

Ten or 15 minutes later, Sergeant Scates approached Goodman, and Goodman informed him of her conversation with Conrad. Goodman Dep at 44. Scates tried to explain to Conrad that she needed t stay in the courtroom because the udge wanted her there. Scates Dep. at 174. Because there appeared to be confusion about whether it was the judge or Hantzes who wanted Conrad to return to the courtroom, Scates asked Judge Silkworth f larification  *Id* at 175  Judge Silkworth reiterated that he wanted Conrad to return to the courtroom. Hearing Trans. at 30. Scates told Conrad tha the Judge wanted her to return to urt, and Conrad went back into the courtroom and stayed there for the remainder of the hearing  *Id.* at 31-49

### STANDARD OF REVIEW

Under Rule 56(c  of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue as to an materia  fact, and the moving party is entitled to summary

judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, U.S. 242, 249 1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial   A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict the nonmoving party." *Id.* at 248.  Thus "the judge must ask whether a fair-minded jury could return a verdict for the nonmoving party on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 1986).  The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson,* 477 U.S at 252

## ANALYSIS

Conrad claims that Hantzes falsely imprisoned her.  "An action for false imprisonment arises when one unlawfully causes a deprivation of another's liberty against his will  or  when one

4

knowingly gives false information to a law enforcement officer which leads to another person's arrest." *Carter v. Aramark Sports & Entertainment Servs., Inc.*, 153 Md. App. 210, 248 (2003) quoting *Allen v. Bethlehem Steel Corp.*, 76 Md. App. 642, 649 1988 (internal quotation marks omitted).

Conrad also asserts that Hantzes battered her. To prove battery, a plaintiff must show that the defendant engaged in an "unpermitted application of trauma . . . upon any part of" the plaintiff, proximately causing his or her injuries. *Scott v. Jenkins*, 345 Md. 21, 28-29 1997 quoting *Saba v. Darling*, 72 Md App. 487, 491 (1987)) internal quotation marks omitted).

Hantzes argues that summary judgment should be entered against Conrad because she has failed to adduce evidence supporting her claims.

A non-moving party cannot defeat a motion for summary judgment merely by resting upon allegations in her complaint *Rivanna Trawlers Unltd. v. Thompson Trawlers*, 840 F.2d 236, 240 (4th Cir. 1988); *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 4th Cir. 1991); *Strag v. Bd. of Trustees*, 55 F.3d 943, 951 4th Cir. 1995). "Indeed, although a motion for summary judgment generally should not be granted if there exists a genuine issue of material fact that warrants a trial on the issues, such a motion cannot be denied unless the non-moving party puts forth *specific* facts evidencing that such a genuine

issue does exist." *Strag*, 55 F.3d at 951.

As Conrad has not proffered evidence in support of her claims against Hantzes, Hantzes's motion for summary judgment will be granted.

_____4/27/5_____                         _____[signature]_____
Date                                          William D. Quarles, Jr.
                                              United States District Judge